# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>           Petitioner,<br><br>      v.<br><br>J. LIZARRAGA, Warden,<br><br>           Respondent. | No. SA CV 17-1097-DMG (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS UNEXHAUSTED** |

Nicholas Patrick ("petitioner") initiated this action on June 16, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges petitioner's April 28, 2015, conviction in the Orange County Superior Court, case number 14WF2141, for possession of methamphetamine with intent to sell (Cal. Health & Safety Code § 11378). (Pet. at 2).

The Court observes that on January 29, 2016, petitioner filed an earlier habeas petition in this Court, in case number SA CV 16-149-DMG (PLA) ("SA CV 16-149"), also challenging his 2015 conviction for possession of methamphetamine with intent to sell ("2016 Petition"). On February 2, 2016, the Court issued an Order to Show Cause why the 2016 Petition should not be denied

as unexhausted,[1] and/or as barred by the Younger[2] abstention doctrine, and/or for failure to name a proper respondent. (SA CV 16-149, ECF No. 4). On February 18, 2016, pursuant to petitioner's February 8, 2016, Notice of Voluntary Dismissal, the action was dismissed without prejudice. (SA CV 16-149, ECF No. 9).

In the 2017 Petition, petitioner notes that the California Court of Appeal affirmed his conviction on October 13, 2016, reversed his sentence, and remanded for resentencing "to either strike prior prison term enhancements or issue a statement of reasons of why they didn't." (Pet. at 2-3). He admits that he did not file a petition for review in the California Supreme Court, but states that he has filed a habeas petition in the Orange County *Superior* Court in case number M-16588. (Pet. at 3). He indicates that a decision in that case is still pending. (Pet. at 4). Petitioner does not state that he has filed any habeas petitions in the California Supreme Court and, indeed, does not demonstrate that *any* of the grounds for relief in the 2017 Petition have been raised to the California Supreme Court, either on appeal or in a habeas petition. (See Pet. at 5, 6). It appears, therefore, that petitioner's claims have still not been exhausted in the California Supreme Court and this action is subject to dismissal.

**A.    EXHAUSTION**

As petitioner was previously advised in case number SA CV 16-149 (ECF No. 4), as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be

---

[1] In the February 2, 2016, Order to Show Cause, the Court noted that at the time petitioner filed the 2016 Petition, he still had an appeal pending in the California Court of Appeal, and the claims he raised in the 2016 Petition had not been raised to the California Supreme Court. (SA CV 16-149, ECF No. 4).

[2] Younger v. Harris, 401 U.S. 37, 43-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state supreme court* even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner admits that he has never filed either a petition for review or a habeas petition raising any of his claims to the California Supreme Court. (Pet. at 3, 5, 6). In addition, petitioner admits that the only habeas petition he filed in the state courts challenging his 2015 conviction for possession of methamphetamine with intent to sell was filed in the Orange County *Superior* Court, and is still pending in that court. (Pet. at 3-4). Petitioner also clearly indicates in the 2017 Petition that he did *not* raise his first, second, or third grounds for relief on direct appeal to the California Court of Appeal, or in a petition for review or habeas petition to the California Supreme Court; he did not answer these questions with respect to grounds 4 and 5. (See Pet.

at 5, 6). It appears, therefore, that none of petitioner's claims has been exhausted in the California Supreme Court.

As the 2017 Petition appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B.    ORDER**

Accordingly, **no later than July 17, 2017**, petitioner is ordered to show cause why the 2017 Petition should not be dismissed without prejudice for failure to exhaust state remedies. To avoid dismissal, petitioner must file proof with this Court that all of his grounds for relief have previously been presented to the *California Supreme Court*, **by providing this Court with (a) a complete copy of the petition for review and/or state habeas petition that petitioner filed in the California Supreme Court raising those claims**. Filing of these documents shall be deemed compliance with this Order to Show Cause.

Alternatively, if petitioner agrees that the action should be dismissed without prejudice as unexhausted, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"), and return to the state courts to exhaust in the California *Supreme* Court whatever claim(s) he may wish to later bring in this Court. Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet been served with the 2017 Petition and, therefore, has not filed either an answer or any other pleading. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause. If petitioner chooses this option, however, he must be mindful of the one-year limitation period under the AEDPA, which imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in the 2017 Petition being dismissed as unexhausted, and/or for failure to prosecute and follow Court orders. **Petitioner is also advised that the filing of a petition for federal habeas corpus relief does not toll the AEDPA's one-year statute of limitations**. Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

DATED: June 26, 2017

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE